UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



ROBERT CLEVELAND MITCHELL,
JAMES DEVEN HARRIS-EL,

        Plaintiffs,

CASE NO. 2:06-CV-11567
v.                                HONORABLE ARTHUR J. TARNOW

PATRICIA CARUSO, et al.,

        Defendants.
_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL
AND DIRECTING SERVICE UPON DEFENDANTS**

**I.    Introduction**

The Court has before it Plaintiffs Robert Mitchell's and James Harris-El's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiffs have been granted permission to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). Plaintiffs are state prisoners currently confined at the Mound Correctional Facility in Detroit, Michigan. Defendants are the Director of the Michigan Department of Corrections ("MDOC"), the warden at the Mound Correctional Facility, and several employees at that facility.

In their complaint, Plaintiffs challenge the MDOC policy which prohibits prisoners from possessing books, pamphlets, forms, and other material regarding actions that may be taken under the Uniform Commercial Code ("UCC"). *See* DOM 2005-4, Attachment

Mitchell & Harris v. Caruso, et al.
2:06-CV-11567
Page 2

to Complaint. Under the policy, prisoners are allowed access to the statute and scholarly legal analyses in prison law libraries. Plaintiffs contend that the policy violates their First Amendment rights and that enforcement of the policy constitutes government retaliation against the exercise of permissible First Amendment conduct. Plaintiffs seek injunctive and declaratory relief, as well as compensatory and punitive damages. Having reviewed Plaintiff's complaint, the Court now dismisses it in part pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state claims upon which relief may be granted. The Court also directs that the defendants be served as to the remaining portion of the complaint.

## II. Analysis

Plaintiffs have been granted *in forma pauperis* status so that they may proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's § 1983 complaint is subject to dismissal in part under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Plaintiffs fail to state a cause of action under § 1983 to the extent that their complaint alleges a denial of access to the courts. Plaintiffs assert that the MDOC policy has infringed upon their ability to engage in protected activity "to reclaim their American sovereign status through the process of expartriation." *See* Complaint, p. 11. The MDOC policy requiring confiscation and/or destruction of UCC-related documents does not infringe upon the Plaintiffs' First Amendment right of access to the courts, however, because Plaintiffs have no constitutional right of access to such documents. A prisoner has a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343 (1996).

However, that right of access is not unlimited. It encompasses only "a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Id.* at 356. Plaintiffs' UCC claims are not related to their convictions or their conditions of confinement. Therefore, the limitations placed upon possession of UCC-related materials by MDOC officials do not infringe upon Plaintiffs' First Amendment right of access to the courts. Plaintiffs have thus failed to state a claim upon which relief may be granted in this regard.

Additionally, Plaintiffs' have failed to state a claim of retaliation. To state a retaliation claim, a plaintiff must allege: (1) that he engaged in protected conduct, (2) that an adverse action was taken against him that would "deter a person of ordinary firmness from continuing to engage in that conduct," and (3) that the adverse action was motivated by the protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999) (en banc). Plaintiffs have not met these standards as they have failed to allege facts which show that they have engaged in constitutionally protected conduct or that the defendants actions in enacting or enforcing the MDOC policy were motivated by constitutionally-protected conduct. Conclusory allegations are insufficient to state a civil rights claim. *See Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). Plaintiffs have thus failed to state a retaliation claim under § 1983 and their claim must be dismissed.

Mitchell & Harris v. Caruso, et al.
2:06-CV-11567
Page 5

Lastly, the Court concludes that Plaintiffs generalized First Amendment claim that the policy impermissibly infringes upon their free speech rights is not subject to summary dismissal. The Court is aware that the fact of confinement and the needs of the penal system impose limitations on constitutional rights, including those derived from the First Amendment. *See, e.g., Pell v. Procunier*, 417 U.S. 817, 822 (1974). A restriction on written materials in the prison context, however, must be "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987); *see also Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). From the complaint, this Court cannot determine whether the MDOC's UCC policy is reasonably related to legitimate penological interests under the four-part test set forth in *Turner, supra*. While Plaintiffs may not ultimately prevail on their First Amendment free speech claim, they have stated a claim sufficient to warrant service upon the defendants.

### III. Conclusion

For the reasons stated, the Court concludes that Plaintiffs have failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to their access to the courts and retaliation claims. Accordingly, the Court **DISMISSES** those claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Additionally, the Court concludes that Plaintiffs have stated a First Amendment free speech claim. Accordingly, the Court **ORDERS** that the complaint as it pertains to the

Mitchell & Harris v. Caruso, et al.<br>
2:06-CV-11567<br>
Page 6

remaining First Amendment claim and a copy of this order be **SERVED** upon the defendants by the United States Marshal without prepayment of costs.

Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

```
                                    /s/ Arthur J. Tarnow
                                    ARTHUR J. TARNOW
                                    UNITED STATES DISTRICT JUDGE
```

DATED: APR 2 0 2006