UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MITCHELL III,
et al.,
        Plaintiffs,                       CIVIL ACTION NO. 06-CV-11567-DT

vs.

                                           DISTRICT JUDGE ARTHUR J. TARNOW

PATRICIA L. CARUSO,              MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
        Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.**     **RECOMMENDATION:** This Court recommends that Defendants' Motion to Dismiss for Failure to Establish Exhaustion of Administrative Remedies and Failure to State a Claim upon which Relief can be Granted filed on June 29, 2006 (docket no. 35) be GRANTED, and that this action be dismissed.

**II.**     **REPORT:**

This matter comes before the Court on Defendants' Motion to Dismiss for Failure to Establish Exhaustion of Administrative Remedies and Failure to State a Claim upon which Relief can be Granted. Plaintiffs have responded to the Motion to Dismiss. The matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

    *A.*     *Factual Background*

These facts are taken from Plaintiffs' Complaint. Plaintiffs allege that they are both prisoners incarcerated at the Macomb Correctional Facility (MCF) in Macomb, Michigan. Defendants are the Director of the Michigan Department of Corrections (MDOC), the Warden of MCF, and several employees at that facility. Plaintiffs challenge the MDOC policy, designated as Director's Office

Memorandum (DOM) 2005-4, which prohibits prisoners from possessing books, pamphlets, forms, and other material regarding actions that may be taken under the Uniform Commercial Code (UCC). *See* DOM 2005-4, Complaint, ex. C. Under the policy, prisoners are allowed access to the UCC statutes and legal analyses in prison law libraries. Plaintiffs contend that the policy violates their First Amendment rights and that enforcement of the policy constitutes governmental retaliation against the exercise of permissible First Amendment conduct. Plaintiffs seek injunctive and declaratory relief, as well as compensatory and punitive damages.

The district court entered an Order on April 20, 2006 dismissing Plaintiffs' claims of the denial of their right of access to the courts and of retaliation. (Docket no. 4). The court found that Plaintiffs' First Amendment free speech claim was not subject to summary dismissal.

      B.     *Claims*

Count I of Plaintiffs' Complaint raises a claim of governmental retaliation by public officials and employees against the exercise of permissible First Amendment conduct. This retaliation claim was dismissed by the district court's April 20 Order. It is therefore not at issue in this Report.

Count II of Plaintiffs' Complaint raises a claim of First Amendment constitutional violations. Plaintiffs contend that DOM 2005-4 violates their First Amendment rights because it is too vague, indefinite, overinclusive, and overbroad.

      C.     *Standard of Review*

Defendants have moved to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Dismissal under this rule is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept

as true the well-pleaded factual allegations in Plaintiff's complaint. *Id.* The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. *Id.*

In addition, under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The prisoner bears the burden of showing exhaustion. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). The grievance must specifically name the person who is being sued. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). The prisoner must complete all levels of the grievance process before filing an action in federal court. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

Moreover, the exhaustion of administrative remedies must be total. This means that the Complaint must be dismissed, even on the Court's own initiative, if the prisoner has not demonstrated that he has exhausted all claims against all defendants. *Jones Bey v. Johnson*, 407 F.3d 801, 807 (6th Cir. 2005) *pet. for cert. filed* (Jan. 9, 2005); *but see Spencer v. Bouchard*, 449 F.3d 721 (6th Cir. 2006) (purporting to give contradictory holding). The Supreme Court has granted certiorari to resolve the issue of total exhaustion, but because the *Spencer* panel could not overrule the *Jones Bey* panel's decision, the Court should follow the total exhaustion rule. The Supreme Court recently clarified that proper exhaustion requires a prisoner to comply with state procedural rules such as time limits for filing grievances. *Woodford v. Ngo* 126 S.Ct. 2378 (2006).

    D.    *Administrative Exhaustion*

Defendants first argue that Plaintiffs' Complaint must be dismissed because they have failed to show total administrative exhaustion. Defendants contend that Plaintiffs have failed to exhaust their remaining claim through all three of the grievance steps and that they failed to name all Defendants in the grievance they did file. Plaintiffs respond by arguing that under the grievance guidelines the content

of a policy or procedure is not a grievable subject. *See* PD 03.02.130(E). Plaintiff Mitchell provides a copy of his step I grievance in which he complained that DOM 2005-4 was overbroad and vague and violated his First Amendment rights. *See* Complaint, ex. A. He also submits a copy of the response he received which states that his "grievance is rejected in accordance with PD 03.02.130. You cannot grieve the content of policy and procedure. PD 01.04.110 Administrative Rules, Policies and Procedure covers DOM's. This issue is non-grievable." *See* Complaint, ex. B. Defendants do not dispute that according to their policies a prisoner may not grieve the content of a policy or procedure.

Plaintiffs clearly challenge the content of DOM 2005-4 in their Complaint. Section 1997e(a) requires a prisoner to exhaust "such administrative remedies as are available." If no remedies are available to exhaust, Plaintiff is relieved of his duty to exhaust before filing a civil rights action. *See Murphy v. Martin*, 343 F.Supp.2d 603, 605 (E.D. Mich. 2004) (prisoner relieved of obligation to exhaust on challenge to substance of policy because not grievable under PD 03.02.130). Accordingly, Plaintiffs' Complaint should not be dismissed for failure to exhaust administrative remedies.

E.   *Mootness*

Defendants also argue that Plaintiffs' Complaint should be dismissed for failure to state a claim because DOM 2005-4 has now been amended causing Plaintiffs' challenges to be moot. Defendants allege that DOM 2005-4 expired and was superseded by PD 05.03.118, ¶ HH 22, effective June 6, 2005, which was again amended as ¶ HH 23, effective January 1, 2006. Plaintiffs do not dispute that DOM 2005-4 has been superseded. Their contention now is that even though the regulation may have changed, Defendants continue to enforce the policy as it was under DOM 2005-4. *See* Plaintiffs' Motion in Opposition, docket no. 37 at 9 ("In this case, there is substantial evidence that although DOM 2005-4 has expired and superseded by PD 05.03.118, ¶ HH 23, effective January 1, 2006, the defendants nevertheless continue to punitively put into practice the DOM 2005-4 policy.") Plaintiff Mitchell

submitted an Administrative Hearing Report for himself dated August 9, 2006 which reflects that although legal documents were confiscated from him under the belief that they were contraband UCC documents, the documents were ordered returned to him. The Reason for Disposition section of the report reads: "DOM-2005-4 is not in effect, it was amended, 01/01/06, and PD-05.03.118 which allow (sic) the prisoner to posses (sic). Documents will be returned." Accordingly, there is no dispute that DOM 2005-4 has been superseded by PD 05.03.118, ¶ HH 23.

This paragraph, HH 23, is part of the policy covering prohibited incoming mail and provides that the following "shall be" rejected:

> Mail regarding actions that can be taken under the Uniform Commercial Code (UCC) which could be used to harass or threaten another individual, including the filing of a lien against the individual. This does not include legal materials which set forth the statute or provide a scholarly legal analysis of the UCC.

Plaintiffs' Motion in Opposition, docket no. 37, ex. F.

The regulation designated as DOM 2005-4 provided that "prisoners are no longer authorized to have any books, pamphlets, forms or other material regarding actions that can be taken under the UCC; these materials shall be considered contraband since they can be used to facilitate criminal activity and pose a risk to the custody and security of the facility." Plaintiffs' Motion in Opposition, docket no. 37, ex. D.

It is thus clear from a comparison of DOM 2005-4 and paragraph HH 23 that HH 23 significantly narrows the class of documents relating to the UCC that is considered contraband. Under the new policy only those documents which could be used to harass or threaten another individual are prohibited. The new policy only applies to incoming prisoner mail as well. Such revisions to the regulations cause the challenge to the old regulation to be moot. *See Princeton Univ. v. Schmid*, 455 U.S. 100 (1982) (where new regulation superseded old one, validity of old regulation moot); *Wilkinson v.*

*Skinner*, 462 F.2d 670 (2nd Cir. 1972) (amendment of prison regulation rendered challenge to constitutionality of old regulation moot). There is no indication that prison officials intend to re-issue the former regulation once this proceeding ends, therefore the doctrine of voluntary cessation should not prevent a finding of mootness. *See Kentucky Right to Life, Inc. v. Terry*, 108 F.3d 637, 645 (6th Cir. 1997) (voluntary cessation exception to mootness doctrine properly applies only when recalcitrant legislature clearly intends to reenact challenged regulation).

A finding of mootness requires that injunctive and declaratory relief be denied. *See Brandywine, Inc. v. City of Richmond, Kentucky*, 359 F.3d 830, 836 (6th Cir. 2004). However, Plaintiffs' request for damages may not be properly dismissed as moot. *Id.* An award of damages would compensate Plaintiffs for any constitutional violations. Count II of Plaintiffs' Complaint challenging DOM 2005-4 on First Amendment grounds should therefore be dismissed as moot only as to Plaintiffs' request for injunctive and declaratory relief.

There remains Plaintiffs' contention raised in their response brief that although the old regulation has been superseded, Defendants are enforcing the new regulation in the same manner that they enforced DOM 2005-4. However, this claim is one directed toward the implementation of the new regulation rather than an attack on the content of the old regulation. This shift in focus is apparent from Plaintiffs' statement in their response that "the Defendants must not be allowed to circumvent the intent of the First Amendment and the clear language as amended under PD 05.03.118, ¶ HH 23, effective January 1, 2006, by continuing to violate its' (sic) very own existing policy." Docket no. 37 at 10. Plaintiffs have not shown, however, that they have filed any grievances raising a claim regarding the implementation of the new regulation, and such a claim was not raised in their Complaint. The state officials should first have the opportunity to address that issue. Because this claim is not a challenge to the content of the regulation, it would not be barred under PD 03.02.130 as Plaintiffs' attack on the

content of the regulation was barred. Such a claim, even if it had been raised in Plaintiffs' Complaint, would have to dismissed for failure to exhaust administrative remedies. *See Jones Bey*, 407 F.3d at 807.

  F.  *Damages*

Finally, the Court must address the issue of damages based on the alleged violation of First Amendment rights due to the Defendants' issuance of and enforcement of DOM 2005-4. Other courts in this district have already addressed this issue. In *Umbarger v. Caruso*, 2006 WL 2039979 (W.D. Mich. July 19, 2006), the court found that the plaintiff-prisoner's civil rights complaint was properly dismissed *sua sponte* for failure to state a claim where it alleged that the prisoner's First Amendment rights were violated by the prison officials' seizure of plaintiff's UCC legal materials under DOM 2005-4. The court ruled that under the inquiry set out in *Turner v. Safley*, 482 U.S. 78 (1987), the plaintiff's First Amendment rights were not violated because preventing UCC legal materials from entering the prison environment was "patently within the reasonably legitimate penological objectives of the prison officials." *Umbarger*, slip. op. at *6. In that case, plaintiff was seeking both damages and injunctive relief.

Also, in *Jones-Bey v. Michigan Dep't of Corrections*, 2006 WL 2418921 (E.D. Mich. Aug. 21, 2006), the court in a Report and Recommendation recommended granting the prison officials qualified immunity on the prisoner's request for damages based on the issuance of and enforcement of DOM 2004-8 (the precursor of DOM 2005-4 and containing substantially the same language), and PD 05.03.118, HH ¶ 22 (the precursor to HH ¶ 23 and containing substantially the same language as DOM 2005-4 and DOM 2004-8). The court ruled that there was no federal or state case law explicitly holding that banning non-scholarly UCC-related publications states a constitutional claim. *Jones-Bey*, 2006 WL 2418921 at *7. Although the court also found that HH ¶ 22 likely improperly curtailed inmate rights, that paragraph was not limited to ban material which could be used to harass or threaten someone as HH ¶ 23 is limited. Additionally, the *Jones-Bey* court was not asked to decide whether the issuance of HH

¶ 23 by the prison officials caused a claim under a former regulation, whether it be DOM 2005-4 or HH ¶ 22, to be moot.

This Court is persuaded by the reasoning of both of the above cases at least so far as they support a finding that Defendants in this action are shielded by qualified immunity from liability for monetary damages. This being the case, Count II of Plaintiffs' Complaint should be dismissed for failure to state a claim as to Plaintiffs' request for damages, as well as injunctive and declaratory relief.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each

issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 25, 2006                s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

### Proof of Service

I hereby certify that a copy of this Report and Recommendation was served upon Robert Mitchell III and Counsel of Record on this date.

Dated: September 25, 2006                s/ Lisa C. Bartlett
                                         Courtroom Deputy